IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

FLOYD JOHNSON                                                                                               PLAINTIFF
ADC #077727

v.                                        No: 2:18-cv-00123 BSM-PSH

MICHAEL MELLOW, *et al.*                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

### I. Introduction

Plaintiff Floyd Johnson, an inmate at the East Arkansas Regional Unit (EARU) of the Arkansas Department of Correction (ADC), filed this *pro se* civil rights complaint against Michael Mellow, Jasmine Troup, Cleveland Jones, David

Knott, Shaquille Beal, Benjamin Woodard, Ivy Craig, and Alicia Williams.[1]  Doc. Nos. 18 & 21. Johnson alleges that defendants failed to protect him from other inmates who threw AA batteries at him in the shower. *Id.*

The defendants filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Johnson had not exhausted his claims against them before he filed this lawsuit (Doc. Nos. 92-94).  Johnson responded (Doc. No. 96) to the motion, the defendants filed a Reply (Doc. No. 97), and Johnson filed an additional response (Doc. No. 98).  For the reasons described herein, the undersigned recommends that the defendants' motion for summary judgment be granted.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann*

---

[1] Other defendants were previously dismissed from this lawsuit. *See* Doc. Nos. 23, 82 & 88.

*v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .".  FED. R. CIV. P. 56(c)(1)(A).  A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

The defendants argue that they are entitled to summary judgment because Johnson failed to exhaust his administrative remedies with respect to them before he

filed this lawsuit. In support of their motion, the defendants submitted the ADC's grievance policy (Doc. No. 93-1) and a declaration by Terri Brown, the ADC's Grievance Supervisor (Doc. No. 93-2).

The PLRA requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

Pursuant to the ADC's grievance policy (AD 14-16), inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure. Doc. No. 93-1 at 4. To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form ("Step One") within 15 days after the occurrence of the incident. *Id.* at 5. Inmates are to "specifically name each

4

individual involved for a proper investigation and response to be completed by the ADC." *Id.* at 4. An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id.* at 5-6. A problem solver investigates the complaint and provides a written response at the bottom of the form. *Id.* This process should not take more than three working days. *Id.* at 6-7. If the inmate is not satisfied with the resolution, he may then complete Step Two of the grievance procedure and submit the form as a formal grievance ("Step Two"). *Id.* at 8. The inmate may also proceed to Step Two if he does not receive a response from the problem solver within three working days; in that case, the inmate has an additional three working days to proceed to Step Two. *Id.* at 7-8. If the inmate receives no response to his Step Two grievance, or if the inmate is not satisfied with the response, the inmate can appeal to the appropriate Chief Deputy/Deputy/Assistant Director. *Id.* at 10-11. A written decision or rejection of an appeal is the end of the grievance process. *Id.* at 12. According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances. *Id.* at 13. The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 17.

According to her declaration, Inmate Grievance Supervisor Brown reviewed Johnson's non-medical grievance files from September 2015 through the filing of this lawsuit in September 2018 and found no grievance filed by Johnson pertaining to the allegations in his complaint. Doc. No. 93-2 at 2-3. In his response, Johnson concedes that he did not exhaust the ADC's administrative remedies. Doc. No. 96 at 1. However, he alleges that he was prevented from exhausting because ADC employees destroyed his grievances. *Id.* The legibility of his response makes it difficult to discern the exact nature of this argument.[2] However, assuming that Johnson is arguing that the administrative remedies were unavailable to him, this court finds that Johnson has not provided sufficient proof to overcome the defendants' motion for summary judgment.

The unavailability of an administrative remedy can waive the exhaustion requirement. *See Booth v. Churner,* 532 U.S. 731, 738–39 (2001). However, Johnson provides no proof that he attempted to file a grievance that was subsequently destroyed by ADC officials.[3] The defendants provided Brown's

---

[2] The Court has repeatedly instructed Johnson to obtain typing services and ordered Johnson to stop filing handwritten pleadings. *See* Doc. Nos. 54 & 69. The defendants have made clear that typewriting assistance is available to inmates at the EARU. *See* Doc. No. 66.

[3] If Johnson had submitted a Unit Level Grievance Form, he would have received either the yellow or pink copy of the form according to ADC grievance policy. *See* Doc. No. 93-1 at 6. As explained earlier, the ADC grievance procedure requires an inmate to first seek informal resolution by submitting a Step One Unit Level Grievance Form within 15 days after the occurrence of the incident. Doc. No. 93-1 at 5. A problem

declaration stating that there is no record of any grievance submitted by Johnson. A plaintiff's unsupported statement is insufficient to defeat a properly supported motion for summary judgment. *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (quoting *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 569 (2000) ("When the movant makes a prima facie showing of entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.")). Because Johnson has not provided any proof to controvert the defendants' proof that he did not complete his administrative remedies with respect to his complaint allegations, the undersigned finds that his claims against the defendants are not exhausted and defendants are entitled to judgment as a matter of law.

## IV. Conclusion

The defendants' motion for summary judgment (Doc. No. 92) should be granted, and Johnson's claims against all defendants should be dismissed without prejudice.

---

solver investigates the complaint and provides a written response at the bottom of the form. *Id*. If the inmate is not satisfied with the resolution, he may then complete Step Two of the grievance procedure and submit the form as a formal grievance. *Id.* at 8. The inmate may also proceed to Step Two if he does not receive a response from the problem solver within three working days; in that case, the inmate has a total of six working days to proceed to Step Two. *Id.* at 7-8.

DATED this 27th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE